**Chrissann FREEMAN, Plaintiff,**

v.

**Richard L. SCHOINTUCK, et al., Defendant.**

**No. CIV. A. Y–98–958.**

United States District Court, D. Maryland.

March 29, 2000.

H. Robert Erwin, Jr., The Erwin Law Firm, Baltimore, MD, for plaintiff.

Brandon Gladstone, Lee & McShane, Washington, DC, for defendant.

## MEMORANDUM AND ORDER

GRIMM, United States Magistrate Judge.

Defendants Gipe Associates Inc. ("Gipe") and Bohlin, Cywinski & Jackson ("B, C & J") (collectively "Defendants") have filed a motion, (Paper No. 55), to preclude one of the plaintiff's expert witnesses, Grace Ziem, M.D., from testifying at trial, because, they contend, she failed to comply with this Court's order of October 15, 1999, allowing the Defendants additional time to depose Dr. Ziem.[1] In this order, (Paper No. 46), the Court found that when originally deposed by the Defendants, Dr. Ziem's answers often were evasive, incomplete, and non-responsive. Accordingly, Defendants were given additional time to depose Dr. Ziem, and Plaintiff's counsel was warned that if she failed to give proper answers the Court would consider additional sanctions, including ordering that she not be permitted to testify at trial, as allowed by Fed.R.Civ.P. 37(b)(2)(B). Defendants contend that when Dr. Ziem was redeposed on January 18 and 19, 2000, she violated this Court's order, and, as a sanction, she should not be permitted to testify at trial. Plaintiff has filed an opposition, (Paper No. 57), and Defendants filed a reply, (Paper No. 58). I have considered these filings, and determined that no hearing is necessary. Local Rule 105.6. For the reasons stated below, Defendants' motion is denied, and sanctions will be entered against Defendants' attorney, Mr. Brandon M. Gladstone, for his unprofessional conduct during the resumption of the Ziem deposition.

■ Local Rule 606 provides "[t]he Court expects all of its judges and all counsel to conduct themselves in a professional and courteous manner in connection with all matters pending before the Court." Discovery Guideline 1.c. of this Court provides "[a]ttorneys are expected to behave professionally and with courtesy towards all involved in the discovery process, including but not limited to opposing counsel, parties and non-parties." The cited local rule and guideline apply to the conduct of an attorney taking a deposition, and an attorney who is abusive to counsel and/or a witness during a deposition violates them.

During the seven hours of the first day of Dr. Ziem's renewed deposition, January 18, 2000, Defendants' counsel repeatedly and flagrantly was insulting to Plaintiff's counsel and Dr. Ziem[2] (taunting Plaintiff's counsel

1. Previously, on August 31, 1999, I granted Defendants an additional 5 hours of deposition time for Dr. Ziem, because Plaintiff's Rule 26(a)(2)(B) disclosures for this witness were incomplete. Paper no. 38. The effect of the August 31 and October 15 orders was to give the Defendants two days, seven hours each, of additional deposition time for Dr. Ziem.

2. See Attachment A to this order, which is incorporated herein, which provides specific examples of Defense Counsel's insulting comments.

about his case, accusing the deponent of "playing games", demeaning the professional competence of the deponent, suggesting that the deponent had cognitive difficulties, referring to the deponent as "a piece of work", and implying that the deponent was dishonest, to name a few examples). Additionally, Defendants' counsel made antagonistic and hostile comments throughout the first day of the deposition [3] (baiting the deponent by saying she was going to "get three strikes" and be "out", taunting the deponent about the fact that the plaintiff was paying his fee as a sanction for her past deposition responses, accusing the deponent of having a hearing problem, peremptorily telling the deponent and Plaintiff's counsel that "I'm running this deposition", and "I'm asking the questions", and accusing the deponent of playing "semantic games").

Defendants' counsel also was sarcastic throughout the deposition [4] (baiting the deponent about making "legal objections" to questions, and asking if she was going to instruct herself not to answer questions during the deposition, mocking the Plaintiff's counsel by mimicking him, and remarking "Yeah, yeah, yeah" when he made an objection, making light of the fact that the plaintiff was to bear the expense of the deposition pursuant to the Court's earlier order, and making derisive comments about the deponent's professional qualifications). Finally, Defendants' counsel frequently made threatening comments to the deponent and Plaintiff's counsel during the deposition [5] (repeatedly threatening to terminate the deposition and "slap" another motion to dismiss the case on plaintiff's counsel).

Viewed as a whole, the conduct of Defendants' counsel during the first day of the deposition was appallingly unprofessional and discourteous, suggesting that he took the Court's orders allowing him additional time to depose Dr. Ziem, and ordering her to be responsive, as license to do whatever he wanted during the deposition. No one expects the deposition of a key witness in a hotly contested case to be a non-stop exchange of pleasantries. However, it must not be allowed to become an excuse for counsel to engage in acts of rhetorical road rage against a deponent and opposing counsel, using an order of the court as the vehicle for the abuse. While isolated acts of discourtesy or loss of temper can be expected, even from the best of counsel, and excused by the court, systematic and deliberate abuses such as displayed by Defendants' counsel during Dr. Ziem's deposition cannot go unsanctioned as they are destructive of the very fabric which holds together the process of pretrial discovery—cooperative exchange of information without the need for constant court intervention.[6]

There also is a more pragmatic reason why counsel should not engage in the type of behavior that Defendants' counsel displayed during the first day of the deposition. It is counterproductive. At the beginning of the second day of the deposition, January 19, 2000, Dr. Ziem brought in a video photographer to record the deposition. Although Defendants' counsel objected, and threatened to call the Court for a ruling as to whether the video recording could be made, he did not do so, acquiescing in the recording. While being videotaped during the second day of the deposition, the conduct of Defendants' counsel markedly improved, as did the responsiveness of Dr. Ziem's answers to his questions. This suggests that Defendants' counsel realized the impropriety of his conduct during the first day. The Court cannot help but wonder whether Dr. Ziem's testimony during the first day of the deposition would not have been more com-

---

**3.** See Attachment B, incorporated in this order by reference, for specific examples.

**4.** See Attachment C, incorporated in this order by reference, for specific examples.

**5.** See Attachment D, incorporated by reference in this order, for specific examples.

**6.** When an attorney for one of the parties misbehaves badly during pretrial discovery, there is a very real danger that others will do the same,

fighting fire with fire. In this case, though, Plaintiff's attorney resisted the impulse to do so, and displayed commendable, indeed remarkable, self-control during the deposition of Dr. Ziem. Throughout the deposition he intervened to calm the waters between Dr. Ziem and Defendants' counsel, trying to keep the examination focused, and the deponent's answers responsive, despite the conduct of Defendants' counsel.

plete and responsive had Defendants' counsel behaved professionally. In such circumstances, it would be improper to order that Dr. Ziem not be permitted to testify at trial because to do so would punish the Plaintiff for the misconduct of Defendants' attorney. However, the Plaintiff and Dr. Ziem should take note that if, at trial, her testimony in response to properly framed questions is evasive, or non-responsive, it will be stricken.

■ For the reasons stated above, the Defendants' motion to exclude Dr. Ziem's testimony at trial is DENIED. Furthermore, it is ORDERED that, as a sanction for his unprofessional behavior, and to help insure that it is not repeated in the future, Defendants' counsel, Mr. Brandon M. Gladstone, will, within 10 days of this order write a letter of apology to Dr. Ziem and Mr. Erwin, Plaintiff's counsel, for his unprofessional conduct. Further, any payment made by the Plaintiff of Mr. Gladstone's fees in connection with the taking of the deposition of Dr. Ziem on January 18 and 19 will be returned to the Plaintiff or her counsel within 30 days of this order. If no such payment has been made to date, the obligation to do so is rescinded. And, finally, Mr. Gladstone will be required to take a professionalism course approved by the Court. Within 30 days of this order he will provide the Court with information regarding such a course that he proposes to take. Upon review and approval of the proposed course, he will be required to attend it, and provide proof of satisfactory completion to the Court. If the course suggested is unacceptable, the Court will designate the course he will attend.

**Attachment A: Examples of *Insulting* Comments by Defense Counsel during 1/18/00 Deposition**

| Page | Comment |
| --- | --- |
| 670 | [to Plaintiff's counsel] "You're about as bad as she is." |
| 672 | [to Plaintiff's counsel, after he objected to one of defense counsel's questions] "You don't like the compound part of it, is that the problem, Mr. Erwin, too difficult for you?" |
| 675 | [to Plaintiff's counsel] "Yes, you are nervous, Mr. Erwin, because this case is rapidly diminishing" |
| 682 | [to witness] "So say it. Don't play your typical games." |
| 695 | [to Plaintiff's counsel] "And you've been right now how often in this litigation .... How often have you been right in this litigation in your viewpoints?" |
| 698 | Witness: "I've never been subjected to such hostility from any defense lawyer." Defense counsel: "I've never been treated like this by any witness, touche. Can you finish your answer?" |
| 724 | [to witness] "What don't you understand about the question, Dr. Ziem? Is this the feigned ignorance part that has been the subject of a previous motion?" |
| 737 | [to witness] "Maybe you have MCS [multiple chemical sensitivity, a condition which Plaintiff asserts causes cognitive impairment] then ..." |
| 767 | [to witness] "You are a piece of work, Dr. Ziem." |
| 775 | Witness: "I've never had such difficulty with a defense lawyer, Mr.—" Defense counsel: "Oh, Dr. Ziem, the feeling is mutual." |
| 777 | Witness: "I'm trying to be scientific." Defense counsel: "And evasive, which you get an A plus in." |
| 807 | [referring to witness and Plaintiff's counsel] "Both you two, it's like Jekyll and Hyde in here, its unbelievable. It's like a tag team that I've never seen before. It's called hide the ball, lay the record—muddle up the issues—". |
| 843 | [to witness] "Answer the question. You know, I don't need ... a sideshow." |

| Page | Comment |
|------|---------|
| 882 | Witness [referring to Plaintiff's alleged cognitive difficulties] "Yes, and she's having difficulty remembering her lines [in theater class] ..."<br><br>Defense counsel: "Just as you're having difficulty today remembering your previous legal cases in which you were excluded from testifying in, correct?" |
| 882–83 | [to witness] "And your inability to recall the prior cases in which you've been excluded from testifying in, do you find that hinders your ability to function normally in today's society?" |
| 888 | [responding to witness' offer to make him a more legible copy of an exhibit] "For some reason I just cannot take your word for it." |

**Attachment B: Examples of *Antagonistic and Hostile* Comments by Defense Counsel during 1/18/00 Deposition**

| Page | Comment |
|------|---------|
| 635 | [to witness] "You're going to get three strikes and you're out today.... No games today." |
| 636 | [to witness] "Well, your time is out in this case." |
| 667 | [to witness] "I'm not being hostile.... you're reverting to your old self." |
| 716 | [to Plaintiff's counsel] "Don't lecture me.... Don't even think about it .... Don't even dream about it." |
| 772 | [to witness] "You're not going to obstruct this deposition any more than you have ..." |
| 786 | Defense counsel: "Say no then."<br>Plaintiff's counsel: "She did."<br>Defense counsel: "She said the long-winded version, which she loves to do, and which got her into trouble before." |
| 787 | [to witness] "And incidentally, who's paying your bills today, or are you eating the costs? Are you getting paid today for your testimony?<br>Witness: "Yes, are you?" |

| Page | Comment |
|------|---------|
| | Defense counsel: [referring to plaintiffs' counsel] "He's paying me, thanks to you. See how it works?" |
| 798 | [asked not to raise his voice by Plaintiff's counsel] "I'm not raising my voice. I think she has a problem hearing now .... This is the hearing tactic I didn't mention before .... I didn't think your ears were that bad." |
| 834 | Witness: "I would like to read the question [on questionnaire, an exhibit] into the record. If you—"<br>Defense counsel: "No, you're not. I'm running this deposition." |
| 853 | [to witness] "Just answer the question. Lets start anew for once. I'm tired of your old answers which don't answer the questions." |
| 857 | [to witness] "I'm not going to play semantic games with you, as you constantly are trying to do here." |
| 884 | [responding to witness' offer to get him some test data] "Get it to me by tomorrow. Stop wasting my time now." |
| 892 | Plaintiff's counsel: "Mr. Gladstone, keep your voice down."<br>Defense counsel: "Quiet. I'm asking the questions, I resent the interruption." |

**Attachment C: Examples of *Sarcastic* Comments by Defense Counsel during 1/18/00 Deposition**

| Page | Comment |
|------|---------|
| 695 | Plaintiff's counsel: "Mr. Gladstone, not necessary. She's answered your question."<br>Defense counsel: "Which comes first the chicken or the egg, Mr. Erwin?" |
| 741 | [responding to the witness' answer] "Yeah, right." |
| 744 | "She [referring to witness] always has to hedge, doesn't she, Mr. Erwin. You always have to |

| Page | Comment |
|------|---------|
| | cover yourself; nothing's ever a straight answer." |
| 749 | [to witness] "I appreciate the legal objection, Dr. Ziem, it seems like you know more than you've pretended to know all along about your legal knowledge.... I'm curious, are you going to instruct yourself not to answer certain questions today?" |
| 776 | Witness: "They're all related to reactive airway disease and how its produced." Defense counsel: "Sure, they are." Plaintiffs' counsel "We don't need sarcastic comments." Defense counsel: "I'm not being sarcastic. I'm totally believing everything your witness says, and I'm taking everything she says on face value, unchallenged. You know, I'm the naive attorney you've always dreamed of." |
| 790: | Defense counsel: "Can you please read the question again. I don't think she answered it, as usual." Plaintiff's counsel: "Objection. Save the speeches" Defense counsel: "Objection" Plaintiffs' counsel: "Save the sarcasm." Defense counsel: "Yeah, yeah, yeah." |
| 805 | [after suggestion by Defense counsel that witness was not telling the truth, the witness insisted she was. Defense counsel replied]: "Gee, you know, I'm convinced." |
| 814 | [responding to witness saying she does not understand the question] "Should I be surprised ?" |
| 821 | [Defense counsel, to witness] "... you're paying me for my time." Witness: "A disabled patient is paying you for your time." Defense counsel: "Should I feel sorry ?" |
| 824 | [to witness, who sought clarification of a question] "What do you think? Are you playing that game again?" |

| Page | Comment |
|------|---------|
| 847 | [to Plaintiff's counsel] "It certainly makes it easier, doesn't it ... when she answers the question appropriately the first time. This is a first." |
| 870 | [to witness following an answer to a question] "Back to game playing, huh?" |
| 883 | [responding to witnesses reference to her credentials in her CV] "Am I supposed to be impressed?" |
| 893 | [In response to witness' request to clarify a question asked] "What do you think I mean? Do you think I'm talking about foods she ate ten years ago as a kid?" |

**Attachment D: Examples of *Threatening* Comments by Defense Counsel during 1/18/00 Deposition**

| Page | Comment |
|------|---------|
| 635 | "There will be a motion forthcoming to exclude her testimony in this case ...." |
| 667 | "Well, we're going to end this deposition ...." |
| 667 | "It's not my case that's on the line here. You're treading some thin ice." |
| 683 | "And I tell you, this case is really close to being dismissed." |
| 711 | [asked by Plaintiff's counsel not to yell at the witness and to keep his report to himself] "I'm not doing either .... And if you want to continue with your antices, them you will see another motion. |
| 805 | [to witness] "I'll cheek up on you, Dr Ziem, see if you're telling the truth. That is the point of this exercise." |
| 854 | [to Plaintiff's counsel] "Laugh all you want. The last laugh is always with me .... You think this is really funny. I'm taking this very seriously. I'm outraged at the way this has proceeded. And, as you know, I'm continuously debating in my mind |

Page    Comment
whether to stop at any given moment and slap one more motion to end this case on you."

